UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THAT CERTAIN 1985 WELLCRAFT 3200 EXPRESS CRUISER MOTOR YACHT,<br><br>　　　　Defendant. | No. 2:25-cv-01008-DC-AC<br><br><br>ORDER GIVING EFFECT TO THE STIPULATION REGARDING PERSONAL PROPERTY ABOARD THE DEFENDANT VESSEL<br><br>(Doc. No. 30) |

This matter is before the court on the stipulation for the release of personal property aboard the Defendant Vessel, which was agreed upon by Plaintiff and the owner of the personal property, non-party Mr. Colton Wood. (Doc. No. 30.)

On April 15, 2025, the court issued an order granting Plaintiff's application for an order appointing Plaintiff the substitute custodian of the Defendant Vessel. (Doc. No. 8.) That order provided as follows:

> It is further ordered that that if Colton Wood, who PLAINTIFF alleges is the owner of the DEFENDANT VESSEL, wishes to remove personal property from the DEFENDANT VESSEL after she is arrested, he shall so inform PLAINTIFF's counsel by email (at pweiss@saltylawyers.com), so arrangements can be made to do so a at a time and date that is mutually convenient for Mr. Wood, the Substitute Custodian and the U.S. Marshal to meet where the DEFENDANT VESSEL is stored at 2500 Navy Drive, Stockton, California. Mr. Wood shall not be permitted to remove any item that

1

is part of the DEFENDANT VESSEL, including but not limited to navigation and other electronic equipment, safety equipment, VHF radios, generators, engines, lines, equipment manuals, furnishings, tackle, batteries, refrigerator(s), gauges, stoves, depth sounders, and sound systems. The Substitute Custodian shall at the time of removal of such items video or photograph the items removed. If there is doubt as to whether an item is part of the DEFENDANT VESSEL, the U.S. Marshal shall determine the same, and if the Marshal determines that an item is part of the DEFENDANT VESSEL, or if the Marshal has doubts regarding the same, Mr. Wood shall not be permitted to remove such item(s) in the absence of a further Order of the Court;

(*Id.* at 7.)

In the pending stipulation, Mr. Wood represents that he is the sole and lawful owner of the personal property located aboard the Defendant Vessel and wishes to remove his property. (Doc. No. 30 at 1–2.) Plaintiff does not object to such removal. (*Id.* at 2.)

Pursuant to the parties' stipulation, and good cause appearing, the court hereby orders as follows:

1.     Plaintiff's counsel shall contact the U.S. Marshal in order to confirm the dates and times when a Deputy Marshal can be available to meet Mr. Wood at 2500 Navy Drive, Stockton, California, where the Defendant Vessel is being stored while in custody. Plaintiff's counsel shall thereafter contact Mr. Wood to confirm his availability that is consistent with the U.S. Marshal's availability. Plaintiff's counsel shall thereafter submit to the U.S. Marshal a U.S. Marshal Form 285, with a copy of the stipulation and this order attached, requesting that the U.S. Marshal comply with this order authorizing removal of Mr. Wood's personal property that is aboard the Defendant Vessel;

2.     At the agreed time and date Mr. Wood shall be permitted to access the Defendant Vessel for the exclusive purpose of retrieving his personal property. Mr. Wood shall not be permitted to remove any item that is not party of the Defendant Vessel, including but not limited to navigation and other electronic equipment, safety equipment, VHF radios, generators, engines, lines, equipment manuals, furnishings, tackle, batteries, refrigerator(s), gauges, stoves, depth sounders, and

sound systems. A person acting on behalf of the Substitute Custodian shall at the time of removal of such items video or photograph the items removed. If there is doubt as to whether an item is part of the Defendant Vessel, the U.S. Marshal shall determine the same, and if the Marshal determines that an item is part of the Defendant Vessel, or if the Marshal has doubts regarding the same, Mr. Wood shall not be permitted to remove such item(s) in the absence of a further order of the court;

3. The above specified location is fully fenced and is owned by the City of Stockton. Mr. Wood shall not drive any vehicle into the fenced area. He shall remove the personal property from the Defendant Vessel and move such property out of the fenced area to load it into any vehicle he might use to transport such property;

4. Mr. Wood shall indemnify, protect, and defend Plaintiff, the Substitute Custodian and the U.S. Marshal from and against all actual or potential claims by any person claiming an ownership interest in or right to possess any item he removes. He further agrees to indemnify, protect, and defend the U.S. Marshal and the Substitute Custodian from and against any actual or potential liability arising from or in connection with the removal of his personal property, including but not limited to any personal injury claim; and

5. Upon removal of Mr. Wood's personal property from the Defendant Vessel, the Substitute Custodian shall be relieved of further custodial duties in connection with the items of personal property removed from the Defendant Vessel.

IT IS SO ORDERED.

Dated: __**February 10, 2026**__

_____
Dena Coggins
United States District Judge

3